POOL vs. PRATT.

A promise of Marriage, made by an infant is void.

THIS was an action of assumpsit on a promise of marriage.— The declaration was in common form, alledging that the promise was made on the first day of December, 1811.

The defendant pleaded in bar, that the said Rachael Pool ought not to have or maintain her said action thereof against the said E. B. Pratt, for that he the said E. B. Pratt, at the time of making the

said supposed promise and undertaking, in the plaintiff's declara-
tion alledged, was an infant within the age of twenty one years, to
wit, of the age of twenty years.

To this plea there was a demurrer and joinder.

*Young,* for the plaintiff.

*Wright* and *Fay,* for the defendant.

CHIPMAN, Ch. J. delivered the opinion of the Court.   It is an
ancient doctrine, as old as the common law, that an infant shall not,
in general be bound by his contract; he is under an incapacity to
bind himself by his contract—that executory contracts by an infant
are void.   Some contracts made by an infant, however, are not
void, but voidable only, which he may affirm, or disaffirm at full
age.

This incapacity of an infant is his privilege, and is intended for
his advantage, to protect him from those impositions, to which,
from his inexperience, he is perpetually liable.   This priviledge does
not extend to an adult contracting with an infant; an adult, con-
tracting with an infant, may be bound, although the infant be not.
There are, indeed, exceptions to this general incapacity, which being
intended for the advantage of the infant, yields, in cases of necessi-
ty, to which if it were extended, it would counteract its object.   Thus,
an infant may bind himself for necessaries; such as necessary diet,
apparel and learning; otherwise, that, which the law intended for
his benefit, might prevent him from obtaining, even the means of
subsistence.   But, in these cases, the contract must be left open to
the Court and jury, to determine whether it was for necessaries,
suitable to his degree and condition in life : and it has been held,
with great propriety, that an infant, living with his parent and sup-
ported by him, cannot be bound for necessaries.   The rule then is
general, that an infant cannot be bound by his contracts, but admits
of certain exceptions.

It has been urged, in this case, that a contract to marry, is within
the exception ; that, at common law, infants, a male at fourteen,
and a female at twelve years of age, are capable of consenting to
marriage ; that a marriage, actually contracted and solemnized,
between infants beyond their respective ages of consent, is valid
and binding.   And, hence, it has been contended on the part of the

plaintiff, that where the law allows an act to be performed, and when performed by an infant, deems it valid, and binding, it is a lawful act for an infant to perform, and that he will be bound by his contract to perform such act ; that he will, therefore, be bound by his executory contract to marry. But this does not follow as a legal consequence. The age of consent, was, I believe, fixed at common law, in conformity to the cannon law. In England, in former times it was very usual, for parents and guardians, to contract their children and wards in marriage, and actually solemize the nuptials, long before the age of consent. But the law allowed the infants in such case, as they respectively arrived at the age of consent, to annul the contract, by dissenting from it, or affirm it by their consent. The same law also considered a marriage, actually contracted and solemnized between infants, after their respective ages of consent, valid, although entered into without the consent of parents or guardians. This was for reasons, partly religious and partly moral, which it is not necessary now to explain. Our statute concerning marriage, which I shall have occasion again to mention, seems to have adopted the same reasons, and allows such marriage, actually solemnized to be valid, notwithstanding the want of consent of parents or guardians. Still, the consequence, contended for, does not follow. An infant is bound by his contract for necessaries, but it must be a contract executed by an actual delivery and receipt of the necessaries to his use ; and if he contract to purchase articles ever so necessary, he is not holden by his contract to receive and pay for the articles. In this view then, a contract of marriage by an infant, and his contract for necessaries are perfectly analogous ; in both cases, the contract when consummated is binding, but while executory is not binding ; and so the contract of an infant to marry has always been considered in the law.

This occasioned the doubt in the case of Ward against Clarence, Strange 937, whether the promise of the infant, plaintiff, was a good consideration to support the action against the defendant, who was of full age. The plaintiff was an infant *feme ;* the defendant pleaded *non assumpsit,* and a plea in bar, that the plaintiff, at the time of the promise made, was an infant fifteen years of age. To the plea of infancy there was a demurrer.

The cause was several times argued ; at first, it was doubted, by the Court, whether such promise by an infant, which, it was conce-

Bennington
July.
1814.

Pool
vs.
Pratt.

tied, she could not be holden, at common law to perform, could be a good and sufficient consideration in that action. It was suggested that, although the defendant might not have a mutual remedy at law, yet, as she was of the age of consent, she might be compelled to perform the contract in the Ecclesiastical Court; the Court, therefore, ordered an argument by civilians; but no instance could be found, in which the Ecclesiastical Court had compelled the performance of a minor's contract.

The Court, in giving judgment, which was for the defendant, say, "We consider it on the footing of the common law, and, upon that, the single question is, whether this contract as against the plaintiff was absolutely void. And we are all of opinion that this contract is not void, but voidable, at the election of the plaintiff. And no dangerous consequences can follow from this determination, because our determination protects the infant, even more than if we rule the contract to be absolutely void. And, as to persons of full age, it leaves them where the law leaves them, which grants them no protection against being drawn into such inconvenient contracts." Thus it is clear, from this case, that an infant is not bound by a contract to marry, more than by any other executory contract; nor is there any dictum, to my recollection, in any case, to the contrary of this opinion.

Our statute concerning marriage certainly adopts the same principle. By the fourth section of that act, it is made penal, for any minister or magistrate, authorized to solemnize marriage, to join any person in marriage, before he shall be certified of the consent of the parent, master or guardian, if either party be a minor. The minor here is denied the privilege of carrying such contract into effect without the consent of a third person, the parent, master or guardian. The minor is considered as a person not *sui juris.*—Such are the principles of the common law, and such are the principles of our statute.

We know nothing of this case, but what appears from the pleadings; from which, it appears, that both parties to the contract were minors, and incapable of contracting. There may be some hardship in this particular case; but the rules of law are general—they are calculated for the general State, for the general good of society, and are not to be warped to serve a particular case. Upon this subject, of a contract to marry by an infant, there ought, if upon any

*Bennington*
July.
1814.

Pool
*vs.*
Pratt.

subject, to be an undeviating adherence to the rule. It would be very absurd, indeed, that the law, which does not trust an infant with discretion to bind himself, by a contract to purchase an unnecessary Jewsharp, should, nevertheless trust his discretion with a contract, in the most important concern of life; on the prudence of which, depends his own future happiness and prosperity. What parent could wish to be placed in a situation so dangerous for his child, so unfortunate for himself! Could a law be endured, which should enable an infant, in a momentary delirium of youthful passion, to set at naught parental authority, and place himself in a situation to render unavailing all the counsel and advice of his nearest and dearest friends? Certainly the law, as it has been established, is wisest, best, and in every view, most salutary. That law which pronounces an infant to be incapable of binding himself, by his contract, except for necessaries, actually furnished, clearly extends to this case; the consequence is that there must be

Judgment for the defendant.