## PETER FISHER v. ALBERT BERNARD.

CHITTENDEN COUNTY, 1893.

Before: ROSS, CH. J., TAFT, MUNSON AND START, JJ.

*Annulment of marriage.    Age of consent.*

Under R. L. s. 2,349, providing for the annulment of a marriage when either party had not, at the time of contracting the marriage, attained "the age of legal consent," the period of disability is determined by the common law, and is, in case of the female, twelve years.

Petition to annul a marriage for the reason that the female party had not arrived at the age of legal consent.    Trial by court at the September term, 1892, ROWELL, J., presiding. It appeared that the female was more than twelve years old at the time the marriage was contracted, and the court held as matter of law that she had then attained the age of legal consent and dismissed the petition.    The petitioner excepts.

*J. E. Cushman* for the petitioner.

By the age of legal consent is meant the age at which a female can legally consent to carnal intercourse, and that, by statute in Vermont, is fourteen years. *People* v. *Slack,* 15 Mich. 193, 199; *Shafler* v. *State,* 20 Ohio 1.

*M. H. Alexander* for the petitionee.

The age of legal consent is that fixed by the common law, or twelve years. *Pool* v. *Pratt,* 1 D. Chip. 252; Bish., Mar. & Div., s. 145; *Parton* v. *Hervey,* 1 Gray 119; *Milford* v. *Worcester,* 7 Mass. 48.

MUNSON, J. The petitioner seeks an annulment of the marriage of his daughter, contracted when she was thirteen years of age, on the ground that she was then within the period of disability. R. L. 2,349 provides for the annulment of a marriage when either party had not, at the time of the marriage, attained "the age of legal consent." By No. 63, acts of 1886, the age under which a female person was held incapable of consenting to unlawful carnal knowledge was raised to fourteen years, and the petitioner contends that this alteration effects an extension of the period within which a female child is disabled from contracting marriage.

From 1791 to 1886 the age of consent as regards unlawful carnal knowledge was fixed by statute at eleven years. At common law males under fourteen and females under twelve were incapable of contracting a binding marriage. Our statutes regulating the solemnization of marriages have never given the limit of incapacity. The provisions for annulment contained in R. L. 2,349 were first enacted in 1839, with that relating to "the age of legal consent" in its present form. This was the first appearance of the phrase in our statutes upon the subject of marriage. It has never been used in those relating to unlawful carnal knowledge. The question raised by the petitioner's contention is whether

this phrase refers to the age of consent as established by the statute relating to unlawful carnal knowledge, or to the age of capacity to contract marriage as determined by the common law.

It is insisted that it has always been the legislative intention that the age of capacity of a female child to contract marriage should be the same as that of her ability to consent to unlawful carnal knowledge; that when the latter period was fixed at eleven years by the act of 1791 it was understood that this enabled her to ·contract a binding marriage at the same age; that this was the period referred· to as "the age of legal consent" in the statutory provision for annulment enacted in 1839; and that when the statute relating to unlawful carnal knowledge was subsequently amended by raising the age of consent, this carried with it the limit of incapacity to contract a binding marriage. These views are not based upon any special legislative expression, but upon general considerations regarding the protection of female children, and the purpose of the legislature to subserve this. end. Some of the suggestions made are largely met by the fact that a marriage can be annuled only on an application in behalf of a party who was not of the required age. No. case seems to have arisen calling for a judicial consideration of the question; but it may be noticed that the opinion in *Pool* v. *Pratt*, 1 D. Chip. 252, shows that counsel had assumed that the age of capacity to contract marriage was that of the common law, and contains nothing to indicate that the court entertained a different view.

The argument that the legislature cannot have fixed the age of consent to unlawful carnal knowledge at eleven years, with an understanding that the disability to contract lawful marriage should continue until twelve, can have little weight, in view of the fact that the English law presented a similar discrepancy. While twelve was the age of capacity to contract marriage, the statute, 18 Eliz. c. 7, lim-

ited the offence of carnal knowledge with consent to children under ten.  4 Bl. 212.  But independently of this consideration, it would be difficult to ascribe to the legislature the intention claimed, in view of a provision contained in our statutes when the first act relating to the knowledge of female children with consent was passed.  In an enactment of 1783, entitled "An act against adultery, polygamy and fornication," it was provided that so far as the act related to polygamy it should not extend to any one by reason of a former marriage entered into "within the age of consent, that is to say, the man fourteen years of age and the woman twelve."  Slade's State Papers, 473.  This phraseology was retained in the different revisions until that of 1839, when the statement of age was omitted, leaving the general reference standing alone, as now found in R. L. 4,243.  It thus appears that we have had since 1783 the phrase "age of consent" in use with reference to the marriage relation ; and from 1783 until 1839 a legislative declaration that this age of consent was the same as at common law.

It may be true that the phrase "age of legal consent" is sometimes applied to the age of consent established by the statute relating to unlawful carnal knowledge ; but we find nothing to indicate that the legislature used it with reference to that limit in providing for a sentence of nullity, or supposed that in raising the age of consent by the act of 1886 it was effecting a like change in the age of capacity to contract marriage.  There is certainly no difficulty in believing that the legislature intended by the latter statute to guard a female child from unlawful carnal knowledge for a time after she is capable of contracting a binding marriage.  We hold that the period of disability to contract marriage is that of the common law.

*Judgment affirmed.*