McAULIFF *v.* CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS — DETROIT CHARTER — CLAIMS — NOTICE — SERVICE — SUFFICIENCY.

Under the charter of Detroit notice of a claim against the city for a personal injury must be brought home to the corporation counsel or his chief assistant, and in an action upon such a claim the burden is upon plaintiff to show such notice, proof of service upon a messenger in the corporation counsel's office being insufficient.

2. SAME — SERVICE — EVIDENCE — SUFFICIENCY.

Evidence examined, and *held*, sufficient for the jury on the issue whether the corporation counsel of Detroit or his chief assistant received notice of a claim for an injury left with a messenger in the office.

Error to Wayne; Rohnert, J. Submitted October 17, 1907. (Docket No. 82.) Decided December 10, 1907.

Case by Minnie L. McAuliff against the city of Detroit for personal injuries. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Reversed.

*Thomas S. Parker* (*Hugh Shepherd*, of counsel), for appellant.

*J. Walter Dohany* (*Timothy E. Tarsney*, of counsel), for appellee.

HOOKER, J. The record indicates that on April 30, 1905, the plaintiff sustained bodily injuries from a fall upon a defective sidewalk in the city of Detroit. On June 13, 1905, a petition for the allowance of her claim for damages was presented to the common council and referred to its committee on claims for investigation. The committee acted upon the claim and reported to the council. On the same day, i. e., June 13, 1905, a notice of the time,

place, and cause of plaintiff's injuries and their nature, addressed to the corporation counsel, and a copy of said petition, were delivered at the office to one George Seymour, who was then employed as a messenger in said office. August 14, 1905, the notice was delivered by Mr. Seymour to Andrew J. Rogers, a captain of the police department, who was then assigned to the office of the corporation counsel as a member of its investigation department, and he entered the fact in the record kept for the purpose.

A short time after giving the notice, Mr. Parker, the attorney for the plaintiff who served it upon Mr. Seymour, inquired at the office of the corporation counsel, "who had charge of the sidewalk cases for the city?" and was referred to Mr. Dohany. He talked with him about arranging an early date for the hearing of the plaintiff's claim before the committee of the council, and was told he would have to see the secretary of the committee, and that he would receive notice from him; that there were many claims ahead of this, and that claims were taken up in their order.

Testimony was taken before the committee on claims on January 2, 1906. Parker and Dohany were present and participated. No objection on the ground that a notice had not been served was made. Dohany was during this time assistant corporation counsel. The council refused to allow the plaintiff's claim, whereupon this action was brought to enforce it.

At the conclusion of the plaintiff's testimony, a verdict was rendered for defendant by direction, for the reason that it had not been proved that the statutory notice had been served upon the corporation counsel or his chief assistant. The plaintiff has appealed; claiming that the question whether the notice seasonably reached the corporation counsel or his chief assistant should have been submitted to the jury under the rule followed in the case of *Beattie* v. *City of Detroit*, 137 Mich. 325. It is also claimed that the service on the messenger was a sufficient

service, even if the notice never came to the notice of the corporation counsel.

We are of the opinion that such a service is not a compliance with the statute. To make a valid notice, it must be brought home to the officers mentioned, and the burden of proof is upon the plaintiff to show it. We are of the opinion, however, that to hold that there was no proof tending to show it would be to overrule the case of *Beattie* v. *City of Detroit*, supra.

The judgment is reversed, and a new trial ordered.

McALVAY, C. J., and CARPENTER, OSTRANDER, and MOORE, JJ., concurred.