Dale HETH, Appellee,

v.

IOWA CITY, Appellant.

No. 55346.

Supreme Court of Iowa.

March 28, 1973.

Honohan, Epley & Lyon, Iowa City, for appellant.

Nolan, Lucas & Nolan by John T. Nolan, Iowa City, for appellee.

Heard before MOORE, C. J., and RAWLINGS, REES, REYNOLDSON and McCORMICK, JJ.

RAWLINGS, Justice.

Action at law by plaintiff, Dale Heth, against defendant, City of Iowa City, for damages resulting from a February 14, 1970 T intersection single vehicle accident. Defendant appeals from judgment on jury verdict for plaintiff. We affirm.

March 16 Heth caused to be served on defendant a statutory notice which erroneously stated the accident occurred January 14, 1970.

April 3 plaintiff filed his aforesaid damage seeking petition, again asserting date of the accident was January 14.

November 18 defendant answered, thereby admitting the foregoing incorrect accident date.

April 20, 1971, Heth's application for leave to amend his petition was granted. That pleading as amended then asserted the correct accident date.

April 23 defendant filed a motion to dismiss. This was predicated on absence of a statutorily adequate notice to the city, Code Chapter 613A, in that the aforesaid March 16 notice specified an erroneous accident date. That motion was overruled.

Evidential matters will be later considered as they relate to issues instantly presented.

Defendant here contends trial court erred in (1) overruling its motion to dismiss, (2) admitting in evidence opinion testimony of an expert witness, (3) excluding evidence as to plaintiff's prior O.M.V.I. record, (4) refusing submission to jury of the issue regarding plaintiff's time of accident intoxication.

I. In relevant part Code § 613A.5 (1967 Session of the Sixty-Second General Assembly, ch. 405, § 5) provides:

"Every person who claims damages from any municipality for or on account of any wrongful death, loss or injury within the scope of section 613A.2 shall commence an action therefor within three (3) months, unless said person shall cause to be presented to the governing body of the municipality within sixty (60) days after the alleged wrongful death, loss or injury a written notice stating the time, place, and circumstances thereof and the amount of compensation or other relief demanded. * * * No action therefor shall be maintained unless such notice has been given and unless the action is commenced within two (2) years after such notice."

■ Here, as previously disclosed, plaintiff's action was commenced within the statutory three months from date of the accident. By the same token any issue as to adequacy of the notice given March 16, *supra*, becomes moot.

In other words, plaintiff's action was timely commenced even if no statutory notice had been given.

■ II. But defendant inferentially argues plaintiff's action related original notice and petition must be deemed to serve the same purpose and stand in the stead of a section 613A.5 accident notice. We are not so persuaded.

■ In the first place it is not for us to so extend that Act beyond its plainly stated terms. See State v. Hocker, 201 N.W.2d 74, 74–75 (Iowa 1972); Davenport Water Co. v. Iowa State Commerce Com'n, 190 N.W.2d 583, 594–595 (Iowa 1971).

■ Additionally, plaintiff was not required to set forth in the original notice, or his petition, any specific accident date. See Iowa R.Civ.P. 50, 70. Admittedly the better practice is to do so. See also Rule 112.

■ In any event defendant answered, and in so doing admitted plaintiff's errone-

ous accident date allegation, repeated in the petition, even though the city then possessed photographs which revealed the correct date of accident was February 14, 1970. See generally 61 Am.Jur.2d, Pleading, § 388; 71 C.J.S. Pleading § 564.

Moreover, prior to trial, plaintiff amended his petition thereby alleging the accurate time of accident. Therefore defendant was instantly neither surprised, misled nor prejudiced. See generally Iowa R.Civ.P. 88; Board of Adjustment of City of Des Moines v. Ruble, 193 N.W.2d 497, 507 (Iowa 1972); Parkhill v. Storage Co., 169 Iowa 455, 459, 151 N.W. 506 (1915).

III. In course of trial Dr. George Brown, a plaintiff called witness testified, in essence, the accident site street warning signs, lighting conditions and grading were such as to create a hazard to travelers.

Dr. Brown's qualifications as an expert on the subject matter of his testimony are not here questioned. See Tiemeyer v. McIntosh, 176 N.W.2d 819, 823–824 (Iowa 1970). Neither is admissibility of foundationally proper opinion evidence to aid the jury instantly disputed. See Olson v. Katz, 201 N.W.2d 478, 482 (Iowa 1972); McCormick, Opinion Evidence in Iowa, 19 Drake J.,Rev. 245, 257 (1970).

Rather, defendant asserts trial court erred in overruling defense objections, timely interposed, regarding questions put to this witness by plaintiff.

At the outset it is essential the form and content of those objections on which defendant relies be evaluated.

■ In brief, the objections voiced by defense counsel were, for the most part, (1) "calls for an opinion and conclusion", (2) "no proper foundation", (3) "calls for speculative opinion."

This court has repeatedly held such objections present nothing for review. See, e. g., Olson v. Katz, 201 N.W.2d at 481–482; Twin-State Eng. & Chem. Co. v. Iowa

State Hwy. Com'n, 197 N.W.2d 575, 581 (Iowa 1972).

IV. Noticeably Dr. Brown was at no time called upon to voice a direct opinion as to negligence on the part of either party hereto. See generally Grismore v. Consolidated Products Co., 232 Iowa 328, 361, 5 N.W.2d 646 (1942). But see Rule 704, Rules of Evidence for United States Courts and Magistrates, Amends. to the Fed.R. Civ.P. (transmitted draft 1972, 56 F.R.D. 183, 284).

The questions put to this witness were singularly restricted to the accident scene, street related conditions and whether they comported with accepted engineering standards.

■ Prefatorily the witness stated he had visited and inspected the site both before and after the accident but effected no measurements. He also enumerated several factors ordinarily employed in evaluating a situation such as that here involved. Some of those were admittedly not used by Dr. Brown in this case because, as he explained, "When there are obvious gross inadequacies, it is not necessary to carry out a detailed investigation." It is apparent this posed a question which inceptionally invoked trial court's discretion. See Wolf v. Murrane, 199 N.W.2d 90, 96 (Iowa 1972). See also Rule 705, Rules of Evidence for United States Courts and Magistrates, Amends. to the Fed.R.Civ.P. (transmitted draft 1972, 56 F.R.D. 183, 285).

■ And when, as aforesaid, the instant evidence met the test of admissibility then weight to be accorded same rested with the trial jury. See Olson v. Katz, *supra*; Schmitt v. Jenkins Truck Lines, Inc., 170 N.W.2d 632, 651 (Iowa 1969); McCormick, Opinion Evidence in Iowa, 19 Drake L.Rev. at 271; 32 C.J.S. Evidence § 569(2). See generally 2 Wigmore on Evidence, §§ 562, 650–655 (3d ed.).

V. The witness Brown was also asked to examine some photographs of the sub-

ject scene taken by Iowa City police officers immediately after the instant accident. This question followed: "[W]hat deficiencies are observable from these exhibits in your opinion?" To this defendant interposed the objection:

"[C]alling for the opinion and conclusion of the witness without foundation. The witness not being shown qualified at this time to base such an opinion. He hasn't shown personal observation or investigation and no adequate basis in the record. It calls for speculation and it is an attempt to reach an opinion and conclusion of the expert by the use of photographs which was specifically rejected by the Supreme Court of this State in Tiemeyer v. McIntosh [176 N.W.2d 819 (Iowa 1970)]."

At the threshold it must be noted evidence regarding speed of a motor vehicle is not involved. Thus Tiemeyer v. McIntosh, *supra*, is readily distinguishable.

Also Dr. Brown, as heretofore stated, had personally visited the area and was testifying upon the basis of personal knowledge. Compare with Dougherty v. Boyken, 261 Iowa 602, 613–614, 155 N.W.2d 488 (1968).

■ It thus appears, use by Dr. Brown of defense acquired photographs was nothing more nor less than an augmentation of his previously mentioned personal inspections. See 31 Am.Jur.2d. Expert and Opinion Evidence, § 153; 32 C.J.S. Evidence §§ 558–559.

We find no persuasive cause to hold trial court exceeded its discretion in permitting such referential use of the above mentioned pictures.

VI. The record also reveals, (1) plaintiff had consumed at least six cans of beer over a period of six or more hours prior to the February 14, 1970 accident, (2) soon after that incident beer cans, one full and one empty, were found in the Heth car, and (3) there was a strong odor of alcohol on plaintiff's breath.

Trial court admitted the two beer cans in evidence but refused to permit these exhibits to be taken to the jury room. Defendant takes the position this constituted error.

In material part Iowa R.Civ.P. 198 provides: "When retiring to deliberate, the jury shall take with them all exhibits in evidence except as otherwise ordered."

We have held, however, submission of exhibits to the jury is a matter resting in trial court's discretion. See Mickelson v. Forney, 259 Iowa 91, 99, 143 N.W.2d 390 (1966); Mongar v. Barnard, 248 Iowa 899, 910, 82 N.W.2d 765 (1957). See also 53 Am.Jur., Trial, § 926; 89 C.J.S. Trial § 466.

■ Finding neither abuse of discretion by trial court nor prejudice to defendant it is to us apparent the instant assignment is without merit.

■ VII. Next to be considered is defendant's claim to the effect a reversal is in order because it was not allowed to make an evidential showing as to plaintiff's prior O.M.V.I. record. We disagree.

The triggering question put to plaintiff by defense counsel was: "Now, except for the accident which is the subject of this case, Dale, have you ever been involved in an automobile accident?" Objection thereto by plaintiff was sustained.

To the extent material on this appeal defendant's attorney, at close of trial, offered to show by call of a department of public safety witness that plaintiff had been twice convicted of operating a motor vehicle while intoxicated and his driver's license was once revoked for refusing a blood test. Supportively defendant argues the above noted record was material regarding its claim to the effect defendant was intoxicated at time of the instant accident. See generally Yost v. Miner, 163 N.W.2d 557, 561 (Iowa 1968).

Although not necessarily determinative no one ever testified that plaintiff, at the time concerned, was under the influence of intoxicating liquor. See Ewing v. Hatcher, 175 Iowa 443, 446, 154 N.W. 869 (1915); 2 Wigmore on Evidence, §§ 656–659 (3d ed.).

■ In any event, if the foregoing was intended to be a proffer it failed to so qualify. At the threshold the offer made has no relationship to the triggering question, quoted above. It further appears to be procedurally inappropriate. See generally Iowa R.Civ.P. 191; 53 Am.Jur., Trial, § 119; 88 C.J.S. Trial § 100.

■ Then too it is doubtful the offer was timely made since defendant initially waived same on the point here raised and later, at close of trial, made the proffer under a dubious reserved right. See 1 Wigmore on Evidence, § 17 at 319–320 (3d ed.); McCormick on Evidence, § 51 at 112–115.

Neither was relevancy apparent or adequately established. See Busker v. Sokolowski, 203 N.W.2d 301, 303 (Iowa 1972); State v. Battle, 199 N.W.2d 70, 72 (Iowa 1972); Lemke v. Mueller, 166 N.W.2d 860, 870–871 (Iowa 1969); Davis v. L & W Construction Company, 176 N.W.2d 223, 227 (Iowa 1970); Iowa P. & L. Co. v. Abild Constr. Co., 259 Iowa 314, 331–332, 144 N.W.2d 303 (1966); 1 Wigmore on Evidence, §§ 25–29(a) (3d ed.); McCormick on Evidence, §§ 151–152 at 314–321; 29 Am.Jur.2d, Evidence, § 298; 32 C.J.S. Evidence § 579. See also Rules 401–403, Rules of Evidence for United States Courts and Magistrates, Amends. to the Fed.R. Civ.P. (transmitted draft 1972, 56 F.R.D. 183, 215–218).

Moreover, the offered proof, if admitted, would not have sufficed with other insufficient circumstantial evidence, *supra*, to create a jury issue regarding intoxication on plaintiff's part at time of the accident here involved. See generally Jennings v. Farmers Mutual Ins. Ass'n, 260 Iowa 279, 282–283, 149 N.W.2d 298 (1967); 1 Wigmore on Evidence, §§ 25, 38–43 (3d ed.).

Under these conditions no error appears in the sustaining of plaintiff's objection to defendant's offer of proof.

■ VIII. Finally, upon the same circumstantial evidence above set forth defendant city also requested a jury instruction be given regarding plaintiff's state of intoxication at time of the accident. Error in this regard, if any, was not preserved for review.

No timely exception is shown of record regarding the court's failure or refusal to give the instruction thus requested.

Dispositively Iowa R.Civ.P. 196, as it applies to this case, provides:

"[A]ll objections to giving or failing to give any instruction must be made in writing or dictated into the record, out of the jury's presence, specifying the matter objected to and on what grounds. No other grounds or objections shall be asserted thereafter, or considered on appeal."

See also State v. Graham, 203 N.W.2d 600, 603 (Iowa 1973); State v. Boner, 186 N.W. 2d 161, 166 (Iowa 1971).

Further discussion will serve no useful purpose.

Affirmed.