STATE of Iowa, Plaintiff–Appellee,

v.

Karl Everett VOLL, Defendant–
Appellant.

No. 01–1577.

Court of Appeals of Iowa.

Oct. 16, 2002.

Linda Del Gallo, State Appellate De-
fender, and David Adams, Assistant Appel-
late Defender, for appellant.

Thomas J. Miller, Attorney General,
Kevin Cmelik, Assistant Attorney General,
and C. Kenneth Whitacre, County Attor-
ney, for appellee.

Heard by SACKETT, C.J., and VOGEL
and MAHAN, JJ.

SACKETT, C.J.

Defendant-appellant Karl Voll appeals
his conviction, following a jury trial and
verdict of guilt, for attempted murder, in
violation of Iowa Code section 707.11

(2001), assault causing bodily injury, in violation of sections 708.1 and 708.2, and going armed with intent, in violation of section 708.8. Defendant claims the district court erred in denying his motion for a mistrial following the discovery that one exhibit mistakenly had not been sent to the jury room. Defendant further argues his counsel was ineffective for failing to ensure all exhibits were sent to the jury room. We affirm.

Defendant and his wife, Maria Voll, were notified on April 5, 2001 that Maria's daughter, Jessica Whetsel, had drugs in her possession at school. In order to help Jessica avoid a lengthy sentence for possessing drugs on school property, defendant and his wife made an agreement with authorities to assist in a sting operation designed to catch the individuals who supplied Jessica with the drugs. Jessica told the defendant she still owed "the Vasquez brothers" fifty dollars for the drugs. Defendant and his wife told this to the authorities, who then arranged for Maria Voll to wear a wire and to visit Mike and Nick Vasquez and attempt to pay her daughter's fifty dollar debt. During the sting, Maria got nervous, so defendant came to her aid. The tape of the conversation of the sting was transcribed and admitted at trial as the State's Exhibit 1. This exhibit did not go with the jury to the jury room but remained in the prosecuting attorney's file during jury deliberations. The fact the jury did not have the transcript during deliberations is the focus of defendant's challenge. The transcript revealed that defendant said to "tell everybody" that he would kill any person giving Jessica a large amount of drugs in the future.

Following the sting, both Vasquez men were arrested but were not in custody long. Rumors circulated that Jessica and the Volls would be hurt because they helped set up the Vasquez men.

On May 11, 2001 defendant went back to the Vasquez apartment. There were several people in the apartment, a number of whom testified at trial. Defendant engaged Nick Vasquez in a short exchange which quickly became contentious, Nick Vasquez was shot in the face, and defendant ran from the apartment. Testimony at trial was that defendant shot Vasquez. Defendant claimed Vasquez had the gun in his possession and accidentally shot himself. Defendant's green truck was seen speeding from the scene, and defendant was apprehended by police officers a short time later. Testimony at trial indicated bullets owned by Estil Richmond, the owner of the house where defendant was living, matched the bullet fragments found in Nick Vasquez's head. Additionally, these bullet fragments were consistent with a .38 special or a .357 magnum bullet. Estil Richmond owned a .357 Colt, which he discovered missing the day after the shooting.

Defendant claims the inadvertent omission of State's Exhibit 1 from the jury's exhibits warrants a new trial.

Iowa Rule of Criminal Procedure 2.19(5)(e) provides, in relevant part,

> Upon retiring for deliberations the jury may take with it all papers and exhibits which have been received in evidence, and the court's instructions; provided, however, the jury shall not take with it depositions, nor shall it take original public records and private documents as ought not, in the opinion of the court, to be taken from the person possessing them.

At the close of trial, prior to submitting this case to the jury, the court requested counsel review the exhibits which were to be submitted. Counsel for the State *and*

for the defendant did so. Neither one noted the absence of the State's Exhibit 1.

■ As a general rule submission of exhibits to the jury is a matter resting in the trial court's sound discretion. *State v. Shea,* 218 N.W.2d 610, 615 (Iowa 1974); *see also Heth v. Iowa City,* 206 N.W.2d 299, 303 (Iowa 1973). The basic responsibility for assuring the jury has the exhibits should lie with the district court. Here the district court delegated that responsibility to the prosecutor and to defendant's attorney, and there is nothing to suggest that either attorney objected to the delegation of this responsibility. Exhibit 1 did not go to the jury room. Defendant's attorney did not note the absence of the exhibit and attempt to locate it prior to jury deliberations. The prosecuting attorney found the exhibit in his papers after the verdict was returned.

■ We review the district court's denial of defendant's motion for a mistrial and new trial for abuse of discretion. *State v. Greene,* 592 N.W.2d 24, 30 (Iowa 1999).

Further, to prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate both ineffective assistance and prejudice. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984); *Ledezma v. State,* 626 N.W.2d 134, 142 (Iowa 2001). Both elements must be proven by a preponderance of the evidence. *Ledezma,* 626 N.W.2d at 142. If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently. *Strickland,* 466 U.S. at 697, 104 S.Ct. at 2069, 80 L.Ed.2d at 699; *see Ledezma,* 626 N.W.2d at 142.

Ineffective assistance is more likely to be established when the alleged actions or inactions of counsel are attributed to a lack of diligence as opposed to the exercise of judgment. *Ledezma,* 626 N.W.2d at 142.

Mere mistakes in judgment normally do not rise to the level of ineffective assistance of counsel. *Id.* at 143. Even if defendant proves his attorney rendered ineffective assistance, he must also show the error caused prejudice. *Strickland,* 466 U.S. at 693, 104 S.Ct. at 2067, 80 L.Ed.2d at 697. To sustain this burden, defendant must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698; *see Ledezma,* 626 N.W.2d at 143. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698; *see Ledezma,* 626 N.W.2d at 143. The question is "whether there is a reasonable probability that, absent the errors, the fact finder would have had a reasonable doubt respecting guilt." *Strickland,* 466 U.S. at 695, 104 S.Ct. at 2068, 80 L.Ed.2d at 698. To satisfy this requirement, an applicant must meet "the burden of showing that the decision reached would reasonably likely have been different absent the errors." *Id.* at 696, 104 S.Ct. at 2069, 80 L.Ed.2d at 699; *see Ledezma,* 626 N.W.2d at 143–44. The reasonable probability of a different result is our governing inquiry. *Ledezma,* 626 N.W.2d at 144. In making the decision whether there is a reasonable probability that the result of the trial would have been different, the burden of proof is on the defendant to establish this standard by a preponderance of the evidence. *Id.* at 145.

■ Insomuch as both the claim for a new trial and the claim of ineffective assistance of counsel are constitutional challenges, we review them de novo. *State v. Taft,* 506 N.W.2d 757, 762 (Iowa 1993). Most constitutional errors do not automatically require the reversal of a conviction if

the error is harmless. *State v. Hensley,* 534 N.W.2d 379, 382 (Iowa 1995) (citations omitted). In order for a constitutional error to be harmless, the court must be able to declare it harmless beyond a reasonable doubt. *State v. Deases,* 518 N.W.2d 784, 791 (Iowa 1994) (citation omitted).

Defendant's trial attorney clearly was in error not to assure an exhibit go to the jury for deliberations. The marked exhibit should have gone to the jury room absent a decision by the judge to the contrary. *See* Iowa R.Crim. P. 2.19(5)(*e* ).

However, given the record, the only conclusion we can reach is that defendant's attorney's error was harmless beyond a reasonable doubt. *See Hensley,* 534 N.W.2d at 383. Exhibit 1 was a State's exhibit. It was largely unintelligible. What was intelligible from Exhibit 1 was that the defendant was threatening to *kill* anyone who might further provide Jessica with drugs. Defendant argues that Exhibit 1 demonstrates the "truce" he had arrived at with the Vasquez brothers and that further violence on his part would be inconsistent with that truce. Given defendant's harsh language and overt threats as revealed by the transcript, we find no basis to accept defendant's argument that any agreement had been reached between defendant and the Vasquez brothers which would make defendant's later act of violence inconceivable.

Furthermore, there was overwhelming evidence at trial supporting a finding of defendant's guilt. Four eyewitnesses, including Emily O'Tool, Ashley Fink, Johna-than Avalos and Jade Avalos, saw the shooting and testified that defendant shot Vasquez. Andrea Leonard testified she saw defendant acting strangely in the parking lot before confronting Nick Vasquez. Alison Render, Joshua Leonard and Donald Oswald testified they saw defendant fleeing the scene following the shooting. The gun used in the shooting matched one that was suddenly missing from the home in which defendant was living. Bullets found in that home matched the bullet fragments found in Nick Vasquez's head. Defendant was the only real advocate of his own alibi, and his various accounts of the events that night contain several inconsistencies. The evidence overwhelmingly established his guilt. If anything, Exhibit 1 buttressed that evidence. We find no reversible error.

Having found error in Exhibit 1's not being sent to the jury for deliberations, we nevertheless affirm defendant's conviction and dismiss defendant's arguments that the district court should have granted his motion for a new trial and that he should have a new trial due to ineffective assistance of counsel.

**AFFIRMED.**