THE ILLINOIS CENTRAL RAILROAD COMPANY

*v.*

ELMER E. JERNIGAN.

|198    297,
|113a  ¹440

*Opinion filed October 25, 1902.*

1. MINORS—*child under seven not chargeable with contributory negligence.* Up to the age of seven years a child is regarded, as a matter of law, incapable of such conduct as shall constitute contributory negligence. (*Chicago City Railway Co.*v.*Tuohy*, 196 Ill. 410, followed.)

2. TRIAL—*when question whether place of injury was a street is for the jury.* Whether or not the place of injury was in a public street is for the jury, where, although never platted as a street, the testimony tends to show that an arrangement was entered into by the city, the railroad company and certain property owners whereby certain streets were extended, embracing the place of injury, and that the same was in use as a street.

3. INSTRUCTIONS—*when instruction does not refer jury to declaration to determine material allegations.* An instruction authorizing the jury to find for the plaintiff if they believe, from the evidence, the defendant was guilty of the negligence "charged in the declaration," does not authorize the jury to determine the legal effect of the pleadings, but only to consider the narrations of fact to determine whether the same have been proved.

*Illinois Central Railroad Co.* v. *Jernigan*, 101 Ill. App. 1, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Jackson county; the Hon. O. A. HARKER, Judge, presiding.

W. W. Barr, (J. M. Dickinson, of counsel,) for appellant.

William A. Schwartz, and Andrew S. Caldwell, for appellee.

Mr. Justice Boggs delivered the opinion of the court:

The appellee, then a child less than seven years of age, was on the 15th day of March, 1899, run upon by the rear car of a freight train on appellant's tracks, and his right foot, ankle and leg so badly crushed and injured that it became necessary to amputate his limb. In an action on the case instituted in the circuit court of Jackson county against the appellant company to recover for such injuries a judgment was entered in his favor in the sum of $4400, and the same has been affirmed in the Appellate Court for the Fourth District. This is an appeal from the judgment of affirmance.

It is urged the court should have sustained the motion, entered by the appellant company at the close of all the testimony, to peremptorily direct the jury to return a verdict in its favor. The grounds of the motion are, first, that it appeared from the testimony that the injuries suffered by the appellee were occasioned by his failure to use ordinary care for his own safety; second, there was a total lack of evidence to show that the servants of the appellant company in charge of the train were guilty of negligence.

In *Chicago City Railway Co.* v. *Tuohy*, 196 Ill. 410, we held, in analogy to the rule of the common law which exempted children under the age of seven years from criminal responsibility, that up to the age of seven years a child should be regarded, as matter of law, incapable of such conduct as will constitute contributory negligence. The appellee was under the age of seven years when he was injured, and for that reason the court should not have charged the jury that he could not recover, on the ground his conduct had contributed to his injury.

Nor could the court, under the circumstances disclosed by the evidence, declare, as matter of law, that the servants of the appellant company acted with due care. The train which injured the appellee consisted of an engine, eight freight cars and a caboose, and at the time was engaged in switching cars on the tracks of the company in the city of Murphysboro. The declaration alleged that the tracks of the company were there laid in one of the streets of the city. The company contended that its tracks were laid upon its own right of way. The *locus in quo* was never platted as a street, but it appeared from the testimony of George W. Andrews and Robert Martin, witnesses for the appellant, and other witnesses, that it was in use as a street, and the testimony tended to show that the city, the appellant company and certain owners of property entered into an arrangement by which Thirteenth or Union street was extended through from Hanson street to Hall street. The place where the injury occurred was on such extended street, between Hanson and Hall streets. There was a switch upon the east side of the main track of the railroad. The employees of the appellant company in charge of the train intended to put some refrigerator cars which were in the train, upon the switch. The train had been moved some distance north of the switch, the locomotive being at the northern end of the train. The train was put in rapid motion backwards, in order that the caboose at the south end of the train, which it was intended should be detached from the train before reaching the switch, would, when uncoupled, run of its own momentum along the main track past the northern switch opening, while the remainder of the train would follow somewhat more slowly and could be turned into the switch after the caboose had passed the switch opening, both the train and the caboose being all the time in motion. The train crew consisted of the engineer and fireman, the conductor and two brakemen. The engineer and fireman were in the cab of the engine.

The conductor, Gutmann, and the two brakemen, Hartman and Eyesfelter, were in the caboose. Hartman was to alight at the switch target to throw the switch after the caboose had passed and allow the remainder of the train to enter the switch. Eyesfelter was stationed upon the caboose to "ride it" past the opening of the switch and check its motion at the proper place farther down the main track. He noticed some boys near the track at about the point where the appellee was injured. One of these boys was the appellee, who had laid two pins across each other on one of the rails of the track in order that the wheels of the caboose should run over them "and make scissors." After the caboose had passed, the appellee ran to the railroad track to get the "scissors," and while picking them up was run upon by the remainder of the train, which, as we before said, was backing down to the switch. There was no one upon the train except the engineer and fireman, who were on the engine. The conductor, Gutmann, and brakeman Eyesfelter, were in the caboose, and the other brakeman had ridden the caboose to the switch target and had alighted for the purpose of opening the switch after the caboose had passed, in order to let the remainder of the train into the switch. There was evidence tending to show that the portion of the train which ran upon appellee was moving at a greater rate of speed than the ordinances of the city permitted. That the employees of the appellant company engaged in the management of the train were not guilty of negligence in thus operating the train at the place in question and under the circumstances disclosed by the evidence, manifestly could not be declared as a matter of law. It was a question of fact to be determined by the jury.

Numerous objections preferred to the instructions given to the jury by the court have their basis in the allegations of the third count of the declaration as it was originally framed. A demurrer was sustained to this count, and the cause was heard upon the first and second

counts, only, of the declaration. Counsel who present the case for the appellant company in this court did not appear in the cause in the trial or Appellate Court, and were not advised by the record as it came to their attention that a demurrer had been sustained to the third count. An amended record afterward filed in this court disclosed that the third count had been held obnoxious to demurrer. ' Other of the objections presented against the instructions have reference to alleged errors in respect of the application of the doctrine of contributory negligence as a defense to the action. In view of the law as announced by this court in *Chicago City Railway Co.* v. *Tuohy, supra,* that defense was not available to the appellant company, the plaintiff being a child under the age of seven years.

The complaint is not well taken that certain of the instructions referred the jury to the declaration to determine what were the material allegations thereof. It is for the court to determine what issues are raised by the allegations of the pleadings, and it would be error to refer a jury to the pleadings to determine for themselves the issues in a case. The instructions in the case at bar were so framed as to advise the jury as to the course to be pursued if they "believed, from the weight of the evidence," defendant was guilty of the negligence charged in the declaration. Instruction No. 1 was as follows:

"In this case, if you believe, from the weight of the evidence, that the defendant was guilty of the negligence charged in the declaration, and that such negligence was the proximate cause of the plaintiff's injuries, then you shall find the defendant guilty, provided you further believe, from the evidence, that the plaintiff, at the time of the injury, was in the exercise of reasonable care for his own safety."

It may stand as the representative of the other instructions to which this complaint is addressed. These instructions did not permit the jury to construe the dec-

laration in order to determine the legal effect of that pleading. The reference in the instructions is to the narration of facts in the declaration as constituting the charge of negligence, in order the jury may determine whether such facts had been proven. (11 Ency. of Pl. & Pr. 157.) These instructions do not infringe the rule that it is for the court to construe the pleadings and determine which of the allegations are material and what issues are joined by the parties.

It is contended the court erred in refusing to give all of certain instructions which were asked by the appellant company and refused. The reason advanced by counsel is a mere general statement that the refused instructions embodied principles of law applicable to the case as to which the jury were not advised by any of the instructions that were given. "Mere general statements that a ruling is wrong, without any attempt to point out wherein the error consists or to advance any reason or argument in support of the simple assertion that error has occurred, discloses nothing to adverse counsel, and does not impose upon a court of review the duty of instituting an investigation of the record in order to ascertain if error of some nature or kind may not be found. The presumption obtains that the trial court ruled correctly in giving instructions, and in order to overturn that presumption an appellant or plaintiff in error must affirmatively disclose that error intervened." (*Chicago and Alton Railroad Co. v. American Strawboard Co.* 190 Ill. 268.) It appears, however, from an examination of the instructions, that they were properly refused,—some for the reason they erroneously invoked the doctrine of contributory negligence as a defense, others because they proceeded upon the theory the duty and liability of the appellant company were unaffected by the proof tending to show the existence of a street at the place appellee was hurt.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*