E. L. WALLIN by M. R. WALLIN, his next friend, Appellant,
v. THE HIGHLAND PARK COMPANY.

**Minor's contracts:** NECESSARIES: DISAFFIRMANCE. A minor may
disaffirm his contract for necessaries and recover back any un-
earned portion which has been paid in advance.

*Appeal from Polk District Court.*—HON. A. H. McVEY,
Judge.

TUESDAY, MARCH 14, 1905.

THE plaintiff, a minor, entered the pharmacy depart-
ment of Highland Park College under a written contract
that provided for a course of twelve weeks' instruction there-
in, and for the payment of a stated sum for tuition, board,
room rent, light, heat, etc., aggregating the sum of $83. He
paid this sum in advance, quit the school soon thereafter, and
brings this suit to recover the unearned portion of the sum
so paid. There was a trial to the court, and a judgment for
the defendant, from which the plaintiff appeals.—*Reversed.*

*J. L. Witmer,* for appellant.

*Miller, Wallingford & De Graff,* for appellee.

SHERWIN, C. J.—There is no dispute as to the facts in this case, and it is conceded that a course in pharmacy may come within the definition of necessaries for which a minor may be bound by contract; hence the vital question for determination is whether a minor's contract for necessaries is voidable before such necessaries are actually supplied . him. In other words, may a minor disaffirm an unexecuted contract which would have bound him absolutely had it been fully performed. Section 3189 of the Code, in effect, says that a minor is bound by his contract for necessaries, and by all other contracts unless they be disaffirmed, etc. But in construing the statute we should look to the reason thereof as an aid to a just determination of the legislative intent. An infant in law has from the earliest time been the ward of the court, and, speaking generally, is incapable of making other than a voidable contract. The one universal exception to this rule is that he may bind himself to pay for his necessary " meat, drink, apparel, physic, and such other necessaries; and likewise ·for his good teaching and instruction, whereby he may profit himself afterwards." 1 Cooley's Blackstone, 412. An infant is not permitted to contract generally, because of his immature judgment and the injury he might suffer on account thereof, and he is only permitted to contract for necessaries because otherwise he might suffer for want of them. It is therefore apparent that the protection of the infant is the purpose of the exception as well as of the general rule. Both of these propositions are so firmly established by authority that we need not cite the cases in support thereof.

The great weight of authority, and the reason of the rule certainly sustains it, is that an infant is not bound by the terms of an express contract for necessaries, and that in no event can a recovery be had for more than their reasonable value. Bishop on Contracts, section 908; Beach on Con-

tracts, section 1368; *Locke v. Smith,* 41 N. H. 346; *Trainer v. Trumbull,* 141 Mass. 527 (6 N. E. Rep. 761); *Gregory v. Lee,* 64 Conn. 407 (30 Atl. Rep. 53, 25 L. R. A. 618). It is therefore manifest that contracts for necessaries are sustained for the benefit of the infant only, and not for the benefit of the tradesman. See, also, note in *Craig v. Van Bebber,* 100 Mo. 584 (13 S. W. Rep. 906, 18 Am. St. Rep. 643). And, if this be true, it must logically follow that an unexecuted contract for necessaries may be disaffirmed unless it be otherwise provided by statute. *Johnson v. Lines,* 80 Pa. 84 (40 Am. Dec. 543); *Pool v. Pratt,* 1 D. Chip. 252; *Spicer v. Earl,* 41 Mich. 191 (1 N. W. Rep. 923, 32 Am. Rep. 152); Pollock's Prin. of Contracts, 53, and note F.

For the necessaries which have been furnished to him the infant is bound to pay because of the benefit received, but when the unfurnished things contracted for are no longer necessary the reason for the rule ceases, and with it the infant's liability, if he chooses to disaffirm the contract. Were the rule otherwise, a contract for necessaries to be supplied in the future might be enforced to the great injury of the infant because of a change in his condition which rendered the things no longer necessaries. The statute, in so far as it relates to contracts of this class, is simply declaratory of the common law, and must be held to intend nothing more than that an infant is bound for necessaries actually provided him. The rule may be an unjust one in some cases, but it will generally protect the tradesman as well as the infant, and it is, we believe, in accord with principle and authority.

The judgment is *reversed.*

WEAVER, J., taking no part.