## MOULTER v. CITY OF GRAND RAPIDS.

1. MUNICIPAL CORPORATIONS — PERSONAL INJURIES — DEFECTIVE SIDEWALKS—NOTICE OF CLAIM.

   Under the charter of a municipal corporation, it is provided that a person presenting a claim against the city for injuries received by reason of a defective sidewalk, etc., shall serve upon the city clerk within 10 days a written notice specifying the location upon the street, etc., where the injury was received, and the general character of the alleged defect; and shall also serve upon the common council within 60 days a detailed statement of the place of the injury, the nature of the injury sustained, the names of claimant's witnesses, etc., and further provides that a failure to present the statements within the time limited shall be a bar to maintaining an action for said claim. Plaintiff was injured on June 18th, and the only notice given was to the city clerk July 9th. *Held*, that the charter provisions had not been complied with, and that the failure was properly pleaded in bar, and the court should have directed a verdict for defendant.

2. SAME—PERSONAL INJURIES—STATUTORY RIGHTS.

   The right to recover for injuries arising from want of repair of sidewalks, etc., is purely statutory, and whether the limitations imposed are reasonable or not is a question for legislative discretion.

Error to the superior court of Grand Rapids; Stuart, J. Submitted October 16, 1908. (Docket No. 103.) Decided December 21, 1908.

Case by Hannah M. Moulter against the city of Grand Rapids for personal injuries. There was judgment for plaintiff, and defendant brings error. Reversed, and no new trial ordered.

*Moses Taggart* (*Clark E. Higbie* and *Taggart & Taggart*, of counsel), for appellant.

*McDonald & Powers* (*M. A. Nichols*, of counsel), for appellee.

BLAIR, J. This suit was brought to recover for injuries received from a fall alleged to have been caused by a defective sidewalk in defendant city, on the 18th day of June, 1906. At the time of plaintiff's injury, the charter of the city (Act No. 593, Local Acts 1905, tit. 16, §§ 5, 6) contained the following provisions:

"SEC. 485. If any claim for unliquidated damages is made against said city for injuries to persons or property by reason of any defects in the sidewalks, streets, highways, cross-walks, bridges, alleys, courts, public grounds or public places in said city, or by reason of any negligence on the part of said city, or said city officials, or its employés, in any public work in which it or they are engaged, or any claim is made against said city in an action of tort, the claimant in such cases shall present the same to the common council within sixty days after the injury or wrong occurred, which claim shall state the place where such injury or wrong was received, the names of the claimant's witnesses concerning the same, then known to claimant, a description of the injury sustained and a succinct statement of the facts constituting such claimant's demands against said city, and any further statement that may be required by said common council, and if said claim arises from injury received by reason of any defect in the sidewalks, streets, highways, bridges, alleys, courts, public grounds or public places in said city, or public works in which the said city or its officials are engaged, the claim-

ant who alleges injury thereon shall give notice to the city by a written statement filed with the city clerk within ten days of the time of said injury, specifying the location upon the street, alley, lane, highway, sidewalk, crosswalk, bridge, court, public place or public ground, or public works where the same was received, and the general character of the alleged defect claimed to have existed resulting in the injury of claimant, said preliminary notice not to take the place of the specific notice herein required to be filed within sixty days.    *    *    *

"SEC. 486. It shall be a sufficient bar to any action or proceeding brought in any court for the recovery of any such claim against the city that such claim has never been presented to the common council, or notice thereof given as to the place of injury or of the specific basis of the claim as provided for in the preceding section within the time therein limited or that the action or proceeding was brought before said common council had such reasonable time to investigate and pass upon such claim as hereinbefore provided."

The first notice given to the city of such accident was filed with the city clerk on the 9th day of July, 1906. The failure of plaintiff to file notice within 10 days was pleaded in bar by defendant in its notice under the general issue, and the question was raised upon the trial by objections to the admission of testimony, motion to direct a verdict for defendant, and by requests to charge.

Defendant's counsel argue that it was the intention of the legislature to provide for two notices as to the same accident, and that the failure to give either bars the right of action.

Plaintiff's counsel contend:

"We claim that the court did not err in holding these sections of the charter did not preclude plaintiff from maintaining her case for three reasons at least:

"(1) Because it clearly appears that plaintiff was injured upon an old sidewalk where no public work or repairs were going on in which the city or its officials were engaged, and hence her case is not covered by the 10-day notice, and that she was not required to file any 10-day notice.

"(2) Because section 486 of the charter does not bar re-

covery against the city of a claim because of failure to file the 10-day notice with the city clerk.

"(3) Because said provision for a 10-day notice to be filed with the city clerk is unreasonable and void.

"A fair reading of section 485 demonstrates that this section was intended to cover two classes of injuries, to wit: Injuries by reason of defects in sidewalks, streets, etc., where no public work or repairs are going on; and, second, injuries upon streets and sidewalks where repairs or improvements are going on, or, to wit, where the city or its officials are engaged. In either instance a 60-day notice must be filed with the common council as provided by this section. This construction is clear, as the first five lines of the section refer to injuries upon sidewalks, etc., where no public work is going on. The next three lines refer to injuries received by reason of the negligence of the city or its officials, in any public work in which they may be engaged. As said before, a 60-day notice must be given. Then in the seventeenth line of this section, this provision: 'And if said claim arises from injury received by reason of any defect in the sidewalk, etc., * * *. in which said city or its officials are engaged,' a 10-day notice only applies to injuries received upon sidewalks, etc., where the city is engaged in some public work by way of building, improving, or repairing, and does not apply to injuries received upon sidewalks, etc., where the city is not engaged in building, repairing, or improving."

The construction of the charter provisions contended for by plaintiff's counsel appears to us to be strained and unnatural. In our opinion it was the intention of the legislature to provide for two notices in all cases of injuries from defects in sidewalks, etc.; the one designed as a "preliminary notice" to state briefly the location of the defect and its general character, and the other designed as a "specific notice" to specify in detail the plaintiff's claim.

We are also of the opinion that section 486 relates to both of the notices required, and that a verdict should have been directed for defendant, unless plaintiff's third point is valid. The right to recover for injuries arising from want of repair of sidewalks, etc., is a purely statutory one in this State. It being optional with the legisla-

ture whether it would confer upon persons injured a right of action therefor or leave them remediless, it could attach to the right conferred any limitations it chose.   Whether the limitations imposed are reasonable or unreasonable in such cases are questions for the legislature, and not for the courts.   *Maclam* v. *City of Marquette,* 148 Mich. 481; *Davis* v. *City of Adrian,* 147 Mich. 300; *McAuliff* v. *City of Detroit,* 150 Mich. 346; *Van Auken* v. *City of Adrian,* 135 Mich. 534; *Holtham* v. *City of Detroit,* 136 Mich. 18; *Miller* v. *Village of Birmingham,* 145 Mich. 470; *Wilton* v. *City of Detroit,* 138 Mich. 67; *Ellis* v. *City of Kearney* (Neb.), 113 N. W. 803; *Crocker* v. *City of Hartford,* 66 Conn. 387.

It becomes unnecessary to consider the other questions raised, and the judgment is reversed, and no new trial granted.

GRANT, C. J., and HOOKER, MOORE, and McALVAY, JJ., concurred.