Bruce D. CRABB, by his next friend, D. N. Crabb, Appellee,

v.

Lester Leo PAYTON et al., Appellants.

No. 54485.

Supreme Court of Iowa.

Dec. 15, 1971.

Willis & Sackett, Perry, and Patterson, Lorentzen, Duffield, Timmons & Irish, Des Moines, for appellants.

Reimer & Vipond, Denison, for appellee.

PER CURIAM.

Confronted with plaintiff's petition claiming damages arising out of an intersectional collision, defendants filed motion for summary judgment. This motion alleged defendant operator of the private auto owned by the other two defendants was driving to the scene of a fire in his capacity as Perry volunteer fireman. Defendants contended plaintiff's failure to give statutory notice under § 613A.5, Code, 1971, was fatal to his cause. Trial court overruled the motion for summary judgment. Defendants pursue this interlocutory appeal. We affirm.

Defendants assert trial court error in overruling the summary judgment motion for three reasons:

1) The uncontroverted affidavits show that at time of accident defendant driver Lester Leo Payton was in the course and scope of his employment as a fireman for the city of Perry,

2) The evidence is undisputed that notice required by § 613A.5, Code, 1971, was never given by plaintiff to the city of Perry, Iowa; therefore no cause of action can now be maintained against the city employee, Lester Leo Payton, and,

3) Because no cause of action can be maintained against the city employee, driver of the car involved, there can be no cause of action against the owners under the owner liability law, § 321.493, Code, 1971.

Permission to appeal this case was granted and briefs submitted before our decision in Vermeer v. Sneller, 190 N.W.2d 389 (Iowa 1971). Division I of that opinion controls the disposition of this case. In *Vermeer* we held § 613A.5, Code, 1971, (notice of claim) has no application when a municipal employee is sued for his negligent acts in his individual capacity.

As the notice statute defense is not available to defendant driver it is of course not available to defendant auto owners. We

have assumed for purposes of this decision defendant driver was actually in the scope and course of his employment as a volunteer fireman. It is not necessary for us to make a factual determination of that issue and we do not do so.

Affirmed.

All Justices concur.