*111
 
 Jasen, J.
 

 This is a proceeding under CPLR article 78 to review a determination of the State Liquor Authority canceling petitioner’s off-premises beer license. Charges were filed against the petitioner, alleging that her conduct—possession of a loaded gun leading to her arrest and suffering or permitting gambling on the premises — constituted improper conduct for a licensee.
 

 At the hearing, Patrolman Frank Lombardo testified that on February 14, 1970 and February 16, 1970, acting on information received from an informant, he “had the [petitioner’s] premises * * * under observation.” On both occasions, he observed several people approach one Pablo Moreira, who was standing behind the counter of petitioner’s store, and engage him in conversation. Then, they handed him ‘ ‘ money in bill form and coin form and slips of paper. Pablo would accept both of them and the slips he would put behind the counter. The money he would put in his trouser pocket.”
 

 After obtaining a search warrant, the officer said that he returned to the premises, where he again observed several individuals approach Moreira, handing him money and slips of paper. Unlike the other two occasions, he saw the petitioner standing a short distance from Moreira. Following these transactions, Lombardo entered the premises and arrested Moreira and petitioner on gambling charges. A search of Moreira revealed a slip of paper containing 38 horse race bets. While searching for further gambling papers, he discovered a loaded pistol beneath the cash register, whereupon petitioner was also arrested for possession of a loaded gun. The gambling slip was received in evidence over petitioner’s general objection. There was no objection, however, to the admission of the gun.
 

 Petitioner testified that on the days in question, she did not observe any gambling on the premises. In addition, she denied ownership of the gun found near the cash register. Moreira stated that when he was arrested in petitioner’s store, he did not have any betting slips in his possession. He did testify,
 
 *112
 
 however, that the police obtained a betting slip when they searched his living quarters the day of his arrest.
 

 Upon this evidence, the hearing officer concluded that petitioner knew or should have known that gambling occurred on the licensed premises, and the Authority ordered the cancellation of her license.
 

 Shortly after the Authority’s determination, a suppression hearing was held in the Criminal Court of the City of New York, relating to the gambling charges against petitioner and Moreira, at the conclusion of which the court suppressed the gambling evidence.
 

 The Appellate Division, relying on
 
 Matter of Firm’s Liq. Shop
 
 v.
 
 State Liq. Auth.
 
 (24 N Y 2d 647), annulled the Authority’s determination and held that the suppressed evidence was “ an improper basis upon which [the Authority] could base its finding ”.
 

 We cannot agree. In this case, unlike
 
 Firm,
 
 no specific objection was taken on constitutional grounds to the introduction of the allegedly illegally obtained evidence. The rule is, that in order to preserve on appeal “ The constitutional and legal issue on admissibility of evidence ”, a specific objection on constitutional and legal grounds must be made during the trial or hearing.
 
 (Matter of Leogrande
 
 v.
 
 State Liq. Auth.,
 
 19 N Y 2d 418, 425;
 
 People
 
 v.
 
 Gates,
 
 24 N Y 2d 666, 670.) Where, as here, no specific objection on constitutional grounds to the receipt of the subsequently suppressed evidence was made during the hearing, the issue of admissibility of evidence is not available on judicial review.
 
 (Matter of Sowa
 
 v.
 
 Looney,
 
 23 N Y 2d 329, 333; 2 Am. Jur. 2d, Administrative Law, § 425; cf.
 
 United States ex rel. Vajtauer
 
 v.
 
 Commissioner of Immigration,
 
 273 U. S. 103, 111; cf. Ann., 36 ALR 3d 30-31.)
 
 [1]
 
 Petitioner’s general objection is, of course, to no avail since it was not followed by the requisite specific objection, nor does it appear from the record
 
 *113
 
 that the hearing officer could “ infer from anything said by licensee’s counsel that there was any objection on constitutional grounds to the admission of this evidence.”
 
 (Matter of Leogrande
 
 v.
 
 State Liq. Auth.,
 
 19 N Y 2d,
 
 supra,
 
 at p. 424; cf.
 
 Matter of Finn’s Liq. Shop
 
 v.
 
 State Liq. Auth.,
 
 24 N Y 2d,
 
 supra,
 
 at p. 657, n. 2.)
 

 Since the point of admissibility of the subsequently suppressed evidence was not preserved for review
 
 [2]
 
 , the order appealed from should be reversed, and the determination of the Authority reinstated.
 

 Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel and Gtbsow concur.
 

 Order reversed, without costs, and the determination of the State Liquor Authority reinstated.
 

 [1]
 

 . Such a role is necessary in administrative hearings for the same reasons that it is necessary at a civil or criminal trial.
 
 (Matter of Leogrande
 
 v.
 
 State Liq. Auth.,
 
 19 N Y 2d,
 
 supra,
 
 at pp. 424-425; Gellhorn & Byse, Administrative Law [1954 ed.] 304; cf.
 
 Matter of Evans
 
 v.
 
 Monaghan,
 
 306 N. Y. 312; cf. 1 N. Y. Jur., Administrative Law, § 120, pp 475-476; see, generally, Richardson, Evidence [9th ed.], § 543; 1 Wigmore, Evidence [3d ed.], § 18.)
 

 [2]
 

 . The fact that at the time of the administrative hearing the evidence had not yet been suppressed does not excuse the failure to interpose a specific objection. (Cf.
 
 People
 
 v.
 
 Reynolds,
 
 25 N Y 2d 489, 495;
 
 People
 
 v.
 
 Friola,
 
 11 N Y 2d 157, 159; see
 
 Matter of Finn’s Liq. Shop
 
 v.
 
 State Liq. Auth.,
 
 24 N Y 2d,
 
 supra,
 
 at pp. 656-658.) We would note, too, that counsel representing petitioner at the hearing was also representing her in the collateral criminal proceeding.