■ In the Matter of GARY W. HOFFMAN, Petitioner, v JAMES P. MELTON, as Commissioner of the Department of Motor Vehicles, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Rensselaer County) to review a determination of the Commissioner of Motor Vehicles which revoked petitioner's driver's license. On March 28, 1979, petitioner was arrested for driving while intoxicated and taken to State Police barracks. He was then asked to submit to a chemical test and advised that if he refused to submit to the test his driver's license could be revoked. He was also informed that the fact that he refused could be used against him in any trial or proceeding resulting from the arrest. The arresting officer testified at the hearing, without objection by petitioner, that petitioner had refused to submit to the chemical test. This officer also testified that he did not read any *Miranda* warnings to petitioner prior to his refusal to submit to the test. Petitioner's driver's license was revoked and this proceeding was commenced to annul respondent's determination. The sole contention of petitioner in this proceeding is that the failure to advise him of his *Miranda* rights at the time of his arrest rendered testimony as to his refusal to submit to the chemical test inadmissible at the hearing and the determination must, therefore, be

annulled. No objection to this testimony was made at the hearing and, as a general rule, the issue as to the admissibility of the evidence would not now be reviewed by this court for the first time in this proceeding (see *Matter of Gonzalez v State Liq. Auth.,* 30 NY2d 108; *Matter of Malkin v Tully,* 65 AD2d 228). In any event, we find no error in the admission of the evidence in question. The *Miranda* warnings are procedural safeguards designed to protect an individual's privilege against self incrimination *(Miranda v Arizona,* 384 US 436, 478, 479). In *Schmerber v California* (384 US 757) the Supreme Court of the United States held that the withdrawal of blood for analysis and the use of the results of that analysis are not violations of the privilege against self incrimination. The New York Court of Appeals logically extended the rationale of *Schmerber* so as to conclude that a defendant is not entitled to *Miranda* warnings prior to the withdrawal of blood for chemical analysis *(People v Craft,* 28 NY2d 274). More recently, the Court of Appeals, relying on *Schmerber,* held that evidence of a defendant's refusal to take a chemical test is admissible and not in violation of the privilege against self incrimination due to the fact that the defendant is under no compulsion to refuse to take the test *(People v Thomas,* 46 NY2d 100). In view of these precedents, we are of the opinion that the failure to inform an individual of his *Miranda* rights does not preclude the admission into evidence of his refusal to take a chemical test (see *People v Haitz,* 65 AD2d 172). Accordingly, the determination must be confirmed. Determination confirmed, and petition dismissed, without costs. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.