OPINION OF THE COURT
Leland DeGrasse, J.
Defendant is charged with operating a motor vehicle while intoxicated. He moves to suppress a videotape which depicts defendant’s refusal to submit to a chemical test and his performance of physical coordination tests.
After conducting a hearing, Judicial Hearing Officer Morris Goldman made findings and conclusions by which he recom *727 mended that the motion be granted. Upon reviewing the motion papers, the exhibits and the hearing transcript, this court rejects the Judicial Hearing Officer’s findings and conclusions.
On June 19, 1986, Police Officer Richard Maline went to the scene of a reported automobile accident. An eyewitness who described the accident directed the officer to one of the vehicles involved. Maline found the car’s engine still running and defendant in the driver’s seat "in a semiconscious state”. The officer detected a strong odor of alcohol on defendant’s person and in the vehicle. At 3:15 a.m., defendant was arrested on the instant charge.
At 5:02 a.m., defendant was taken to the Intoxicated Drivers Testing Unit (IDTU) for a chemical test to determine the extent, if any, of his inebriation. As shown in the videotape, defendant was informed by an IDTU police officer that his refusal to take the chemical test might result in the revocation of his driver’s license. He was further advised that such refusal could be introduced into evidence in court (Vehicle and Traffic Law § 1194). After being so advised, defendant refused to submit to a chemical test. Defendant, however, performed a series of coordination tests at the direction of the IDTU officer.
The Judicial Hearing Officer recommended suppression of the videotape because Miranda warnings had not been given to defendant prior to his refusal to take the chemical test. This court disagrees with the conclusion reached. In People v Craft (28 NY2d 274), the Court of Appeals held that an arrested person is not entitled to Miranda warnings prior to the withdrawal of blood for chemical analysis. The Court of Appeals has also held that evidence of a defendant’s uncoerced refusal to take a chemical test is admissible and not violative of the privilege against self-incrimination (People v Thomas, 46 NY2d 100). Two Appellate Divisions have logically extended the reasoning of Craft and Thomas by concluding that the failure to inform a person of his Miranda rights does not preclude the admission into evidence of his refusal to take a chemical test (Matter of Hoffman v Melton, 81 AD2d 709 [3d Dept]; People v Haitz, 65 AD2d 172 [4th Dept]).
The physical coordination tests did not require the disclosure of defendant’s subjective knowledge or thought processes. Such tests merely require the exhibition of physical characteristics. These tests, therefore, do not trigger the right to counsel or the privilege against self-incrimination under either the Federal or State Constitution.
*728 Defendant’s testimony that he did not understand the request that he take a chemical test is not credible. This testimony is refuted by the apparent ease with which defendant followed the officer’s instructions in performing the coordination tests.
For the foregoing reasons, it is ordered that defendant’s motion to suppress the videotape is denied.